John P. O'SHEA, San Francisco Firefighter; Matthew Plescia; Daniel A. Sullivan; James R. Hentz; Ronald J. Van Pool; Michael C. Papera; Patrick M. Skain, Plaintiffs–Appellants,

v.

CITY OF SAN FRANCISCO; San Francisco Fire Department; San Francisco Civil Service Commission; Art Agnos, Mayor of the City and County of San Francisco, Defendants–Appellees,

and

San Francisco Black Firefighters Association; Chinese for Affirmative Action, Defendants–Intervenors.

No. 91–15120.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 1992.

Decided June 8, 1992.

Robert Ernest Gyemant, Dennis A. Babbits, San Francisco, Cal., for plaintiffs-appellants.

George A. Riley, Arthur Greenberg and Christina Hall, Deputy City Attys., San Francisco, Cal., for defendants-appellees.

William C. McNeill, III, Employment Law Center, Eva Jefferson Paterson, Michael Harris, San Francisco Lawyers' Committee for Urban Affairs, Denise M. Hulett, Antonia Hernandez, Mexican–American Legal Defense & Educational Fund, Maria Blanco, Equal Rights Advocates, San Francisco, Cal., Mari Mayeda, Saperstein, Seligman, Mayeda & Larkin, Oakland, Cal., for intervenors.

Before: WISDOM *, BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Plutarch, the great biographer, recounts the battle between the foot soldiers of Pyrrhus, king of Epirus, and the Romans at Asculum in 280 B.C. Six thousand Romans were felled that day. Pyrrhus lost three thousand of his own troops. According to Plutarch, when advised that he had won the battle, Pyrrhus reportedly replied in so many words: "Another such victory and I am undone." [1] In this case, history will recount that, like Pyrrhus, plaintiffs won a battle, but lost the war.

Plaintiffs, white firefighters employed by the San Francisco Fire Department ("the Department"), brought suit for monetary and injunctive relief against several defendants, including the City and County of San Francisco ("the City"). Plaintiffs' complaint alleged violations of the California Fair Employment and Housing Act

---

* The Honorable John Minor Wisdom, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. See Plutarch, *The Lives of the Noble Greeks and Romans* 325 (Brittanica Great Books ed. 1952).

("FEHA") (codified at California Government Code §§ 12900–12996), Article I, § 8 of the California Constitution and 42 U.S.C. §§ 1981 and 1983. The district court entered summary judgment for the defendants and plaintiffs appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I

Between August and October 1988, the plaintiffs in this action individually filed complaints with the California Department of Fair Employment and Housing ("DFEH"). Each plaintiff alleged that he had been denied a promotion to the rank of lieutenant on June 30, 1988 in favor of less qualified minority firefighters. The DFEH investigated and closed each case, finding that the City's failure to promote the plaintiffs was mandated by and in accordance with a May 20, 1988 consent decree entered by the district court in *United States v. City and County of San Francisco*, 696 F.Supp. 1287 (N.D.Cal.1988), *aff'd as modified sub nom. Davis v. City and County of San Francisco*, 890 F.2d 1438 (9th Cir. 1989), *cert. denied*, — U.S. —, 111 S.Ct. 248, 112 L.Ed.2d 206 (1990). That consent decree provided, among other things, that within sixty days of its execution the City would promote to lieutenant thirty-three minority firefighters, and permitted the promotion of an additional forty-eight firefighters so long as twelve of those promoted were minorities.[2]

On November 21, 1989, plaintiffs filed this action in state court alleging violations of FEHA and Article I, § 8 of the California Constitution. The action was removed to federal court, ostensibly pursuant to the district court's continuing jurisdiction over the consent decree. Plaintiffs subsequently amended their complaint to add claims under 42 U.S.C. §§ 1981 and 1983.[3]

On December 10, 1990, the district court granted defendants' motion for summary judgment and dismissed plaintiffs' complaint. The district court held that plaintiffs' claims under FEHA and Article I, § 8 of the California Constitution were collaterally barred by the May 20, 1988 consent decree. The district court further held that plaintiffs' claims under 42 U.S.C. §§ 1981 and 1983 were time-barred and that plaintiffs failed to allege "continuing violations" under those statutes. *Van Pool v. City and County of San Francisco*, 752 F.Supp. 915 (N.D.Cal.1990). Plaintiffs timely appealed.

## II

This court reviews *de novo* a district court's grant or denial of a motion for summary judgment. *Lockary v. Kayfetz*, 917 F.2d 1150, 1153 (9th Cir.1990). Collateral estoppel questions are also reviewed *de novo. A & A Concrete v. White Mountain Apache Tribe*, 781 F.2d 1411, 1414 (9th Cir.), *cert. denied*, 476 U.S. 1117, 106 S.Ct. 2008, 90 L.Ed.2d 659 (1986).

## III

Plaintiffs first contend that the district court erred when it dismissed their FEHA claims as collaterally barred by the May 20, 1988 consent decree. On this point, plaintiffs can claim victory. Because plaintiffs do not challenge the terms of the decree, nor seek to modify the decree, nor seek relief pursuant to the decree, plaintiffs' FEHA claims are not collaterally barred by the decree.

In *Barfus v. City of Miami*, white employees of the Miami Fire Department filed a complaint against the City of Miami alleging that they were denied promotions in favor of less qualified minorities in violation of federal law. *Barfus v. City of Miami*, 936 F.2d 1182 (11th Cir.1991). The

---

**2.** At oral argument, the City represented that the Department no longer makes decisions to promote on the basis of race. Indeed, the consent decree in this case, like the one in *Board of Education of Oklahoma City Public Schools v. Dowell*, — U.S. —, 111 S.Ct. 630, 637, 112 L.Ed.2d 715 (1991), was intended only as "a

temporary measure to remedy past discrimination."

**3.** Because plaintiffs amended their complaint to add federal claims, we decline to address whether removal of plaintiffs' state law claims was appropriate.

district court dismissed plaintiffs' complaint as an impermissible collateral attack on a 1977 consent decree. The Eleventh Circuit reversed and remanded stating:

> While not quarreling with the law relied upon by the district court, we reverse because we do not deem plaintiffs' Title VII complaints to be an attack upon the consent decree. The complaints do not challenge the terms of the decree; nor do they seek to modify the decree. Neither do we think that the complaints seek relief pursuant to the decree.

*Id.* at 1185–86.

The court held that the claims presented in *Barfus* "are individual and independent claims of reverse discrimination … rather than an action seeking to enforce rights created in [plaintiffs'] favor by the decree." *Id.* at 1186. The court further stated that, because the claims sought to be litigated were not addressed by the consent decree

> it cannot be the case that these non-minority union members, by their union's participation in the consent decree negotiations, waived their right to bring a separate Title VII action. Because [plaintiffs'] cause of action had yet to accrue, this is not a case in which, through the "adequate representation" of the union members' interests by their unions, res judicata bars an independent action by the individual members.

*Id.* at 1188.

We find *Barfus* persuasive and adopt its reasoning. Here, as in *Barfus*, plaintiffs allege that their case

> is about a series of acts and conscious omissions by those who administer the Consent Decree to victimize the [plaintiffs] in favor of those who are protected by the Consent Decree including denying them promotional opportunities. The effect of mandated minority promotions under the Consent Decree in 1988 begs the question of whether those promotions preclude advancement of [plaintiffs]. The language of the Consent Decree is to the contrary, and the district court made such a finding prior to accepting the Consent Decree.

While the district court found that plaintiffs' union "adequately represented" plaintiffs' interests in the consent decree litigation, plaintiffs' FEHA claims did not accrue until after the consent decree went into effect and plaintiffs' promotions were denied. Consequently, plaintiffs' FEHA claims are not collaterally barred.

## IV

■ We next analyze whether plaintiffs state a claim under FEHA. Pursuant to the consent decree, the City could promote up to eighty-one firefighters to the position of lieutenant. Of those, thirty-three minority firefighters were to receive mandatory promotions. An additional forty-eight firefighters could receive optional promotions, no less than twelve of whom could be minorities. The remaining thirty-six optional promotions were to be open to all firefighters. *Davis v. City and County of San Francisco*, 890 F.2d at 1448–1449.

In this case, none of the seven plaintiffs received a promotion pursuant to the decree on June 30, 1988. Plaintiffs' contend that the City's failure to promote them was "racially discriminatory … [and] resulted in damage to them."

At oral argument, plaintiffs conceded for the first time that they do not challenge the thirty-three mandatory minority promotions made pursuant to the consent decree. Plaintiffs further conceded that they do not challenge the twelve optional minority promotions made at the same time. Indeed, plaintiffs recognize that, because those particular promotions were expressly mandated by the terms of the consent decree, upheld by this Court in *Davis v. City and County of San Francisco*, a challenge to those minority promotions *would* constitute an impermissible collateral attack. Instead, plaintiffs contend that the City discriminated against them on the basis of race in making the remaining thirty-six optional promotions open to all firefighters.

Here, plaintiffs' argument fails. Because all thirty-six remaining optional promotions went to white firefighters, not minority firefighters, plaintiffs cannot establish that they were discriminated against

on the basis of race.[4] It is on this basis that we affirm the summary judgment dismissing plaintiffs' FEHA claims. *Marino v. Vasquez*, 812 F.2d 499, 508 (9th Cir.1987) ("[t]his court may affirm the district court on any ground finding support in the record").

## V

■ Plaintiffs also contend that the district court erred in dismissing their claims under 42 U.S.C. §§ 1981 and 1983 as time-barred.

Plaintiffs' original lawsuit was filed on November 21, 1989. Plaintiffs concede that, in California, claims under 42 U.S.C. §§ 1981 and 1983 are subject to a one year statute of limitations. Thus, section 1981 and 1983 claims based on incidents occurring prior to November 21, 1988 are untimely.

The district court found that, with the sole exception of the June 30, 1988 promotions, plaintiffs failed to show any actual or threatened injury sufficient to state a claim under sections 1981 and 1983.[5] On appeal, plaintiffs make no showing to the contrary. Plaintiffs, instead, seek to avoid application of the statute of limitations, contending that the City's failure to promote them on account of their race constitutes a "continuing violation" under 42 U.S.C. §§ 1981 and 1983.

In this case, the district court found that plaintiffs failed to allege a "continuing violation" because no discriminatory act alleged by the plaintiffs which caused them injury occurred within the relevant statutory time period. Applying *Lorance v. A.T. & T. Technologies, Inc.*, 490 U.S. 900, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989), the district court further rejected application of a "continuing violation" theory to plaintiffs' claims based upon the June 30, 1988 promotions. Citing *Lorance*, the district

court held that plaintiffs could not sue successively for differential treatment in advancement opportunities so long as those acts could be attributed to the May 20, 1988 decree.

The Civil Rights Act of 1991, enacted on November 21, 1991, puts into doubt the future of *Lorance*. Section 112 of the Act provides that "an unlawful employment practice occurs with respect to a seniority system ... when the seniority system is adopted, when an individual becomes subject to the seniority system, or when a person aggrieved is injured by the application of the seniority system or provision of the system."

Because the applicability of the Civil Rights Act of 1991 has not been properly briefed and argued, we decline to consider whether the Act applies retroactively to cases, such as this one, now pending before this Court. We do note that the two circuits to have addressed the issue have held that the Act does not apply retroactively. *Vogel v. Cincinnati*, 959 F.2d 594 (6th Cir.1992); *Fray v. Omaha World Herald Co.*, 960 F.2d 1370 (8th Cir.1992).

Even assuming that we applied the Act retroactively in this case, the result would be no different than that reached by the district court. Plaintiffs became subject to the decree on May 20, 1988, the date the decree was adopted. Plaintiffs were allegedly injured by the decree on June 30, 1988, the date the City made promotions. Because plaintiffs' lawsuit was filed on November 21, 1989, more than one year after the promotions, plaintiffs' section 1981 and 1983 claims based upon the June 30, 1988 promotions are untimely under the Act as well as under *Lorance*.[6]

## VI

Defendants' request to dismiss plaintiffs' appeal for failure to comply with Fed.

---

**4.** Plaintiffs' complaint contains allegations of discrimination other than those relating to the June 30, 1988 promotions. Plaintiffs' FEHA claims presented to the DFEH, however, challenge only the June 30, 1988 promotions.

**5.** While plaintiffs argue that, in 1989, they were denied equal opportunity to participate in a

promotions test, that issue is not alleged in plaintiffs' complaint and is raised for the first time on appeal.

**6.** Because plaintiffs' claims under 42 U.S.C. § 1983 are time-barred, we need not reach the issue whether they are also collaterally barred.

R.App.P. 28(a)(4) is denied. Defendant-intervenors' request for attorney's fees is denied.

AFFIRMED.